T.C. Summary Opinion 2008-5


UNITED STATES TAX COURT



AKIN FALODUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16424-05S.                    Filed January 7, 2008.


Akin Falodun, pro se.

<u>William J. Gregg</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:[1]  This case was heard pursuant

to the provisions of section 7463 of the Internal Revenue Code in

_____

[1]  Special Trial Judge Carleton D. Powell, to whom this case
was submitted, died on Aug. 23, 2007, while in office.  By Order
dated Aug. 30, 2007, the parties were directed to file, on or
before Oct. 2, 2007, either a response consenting to the
reassignment of this case or a notice objecting to the
reassignment, together with a motion for a new trial or a motion
to supplement the record, stating reasons in support of either
motion.  On Sept. 11, 2007, counsel for respondent filed a
response consenting to the reassignment of this case.  To date,
and despite several followup Orders, the Court has received no
response from petitioner.  After allowing ample time for a
response from petitioner, the Chief Judge reassigned this case to
Special Trial Judge Robert N. Armen, Jr., for disposition on the
existing record.

effect when the petition was filed.[2]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2003 of $3,330.00.

This is purely a substantiation case.  The issues for decision are as follows:

(1) Whether petitioner is entitled to the deduction claimed by him on his return for charitable contributions in the amount of $12,921.  We hold that he is to the extent provided herein.

(2) Whether petitioner is entitled to the deduction claimed by him on his return for unreimbursed employee expenses in the amount of $10,348.  We hold that he is not.

## Background

Some of the facts have been stipulated, and they are so found.

## Petitioner

Petitioner resided in Laurel, Maryland, at the time that the petition was filed.

---

[2]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In 2003, the taxable year in issue, petitioner was employed by Hughes Network Systems, Inc. (Hughes), of Germantown, Maryland, on a full-time basis, working Monday through Friday from 9 a.m. to 5 p.m. In addition, petitioner "did some private tutoring as well", working some evenings and weekends.

At year's end, petitioner received a Form W-2, Wage and Tax Statement, from Hughes reporting wages paid of $43,563 and a Form 1099-MISC, Miscellaneous Income, from Consolidated Education Resources, LLC of Manassas, Virginia, reporting nonemployee income of $6,215.

Petitioner's Return

Petitioner timely filed a Federal income tax return for 2003. On his return, petitioner reported adjusted gross income of $52,587, consisting principally of wages of $43,563 and business income of $6,215. On his return, petitioner listed his occupation as "engineer".

Petitioner itemized his deductions, attaching to his return a Schedule A, Itemized Deductions, in support thereof. Petitioner claimed total itemized deductions of $35,822, which included charitable contributions of $12,921 and unreimbursed employee expenses of $10,348.

Charitable Contributions

On his return, petitioner subdivided total charitable contributions as follows:

Gifts by cash or check          $ 4,356
Other than by cash or check       8,565
                                $12,921

In support of his claimed deduction of the latter category, petitioner attached to his return a Form 8283, Noncash Charitable Contributions, reporting therein the following three categories of donated property, which we reproduce literally, and the associated donee organizations:

"A"    GOLD  CLOTHES  APPLI  TOYATV    Nat'l Children's Center, Adelphi, MD
"B"    SHOE RACK  TV  VCR  BOGSCLOT    Salvation Army, Gaithersburg, MD
"C"    5LEATHERCASE  1000CUPS  DTS     Salvation Army, Hyattsville, MD

Petitioner then provided the following information regarding each of these three categories of donated property:

| Category | Date of the contribution | Date acquired by donor | How acquired by donor | Donor's cost or adjusted basis | Fair market value | Method used to determine fmv |
|---|---|---|---|---|---|---|
| "A" | 8/8/2003 | 5/1/2000 | Purchased | $4,512 | $3,488 | MPV |
| "B" | 8/12/2003 | 5/1/2001 | Purchased | 4,511 | 2,500 | MPV |
| "C" | 8/12/2002[1] | 5/1/2001 | MPV[2] | 2,577 | 2,577 | Purchased |
| Total | | | | | $8,565 | |

[1] Presumably, a typographical error made on the form.
[2] Not further explained on the form.

## Unreimbursed Employee Expenses

As previously indicated, petitioner also claimed on Schedule A a deduction for unreimbursed employee expenses consisting of a vehicle expense of $10,348 (prior to diminution by the 2-percent floor prescribed by section 67). In support of this deduction, petitioner attached to his return a Form 2106, Employee Business

Expenses, and reported the following:

| | |
|---|---|
| Business miles driven during 2003 | 28,744 miles |
| Other miles driven | 17,036 miles |
| Total miles driven | 45,780 miles |
| Percentage of business use | 62.790 % |
| Standard mileage rate | $0.36/business |
| x Business miles | x 28,744 miles |
| Deduction | $10,348 |

Somewhat inconsistent with the foregoing, petitioner also attached to his return a Schedule C-EZ, Net Profit From Business. On this schedule, petitioner reported nonemployee compensation from Consolidated Education Resources, LLC, of $6,215, but reported no expenses, claiming them instead on Schedule A as unreimbursed employee expenses, as discussed in the preceding paragraph. However, petitioner did report, and pay, self-employment tax on the basis of nonemployee compensation of $6,215 without reduction for any expense.[3]

Notice of Deficiency and Petition

In the notice of deficiency, respondent determined that petitioner had failed to substantiate the deductions claimed for charitable contributions and employee business expenses. Accordingly, respondent disallowed those two deductions in their

---

[3] Petitioner also claimed a so-called above-the-line deduction for one-half of the self-employment tax reported. See sec. 164(f).

entirety.  Respondent did not disturb the other itemized

deductions claimed by petitioner on Schedule A.[4]

Petitioner disputed respondent's deficiency determination by

timely filing a petition for redetermination.

## Discussion

### A.  General Principles

Deductions are a matter of legislative grace, and the

taxpayer bears the burden of proving that he or she is entitled

to any deduction claimed.  Rule 142(a); Deputy v. du Pont, 308

U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S.

435, 440 (1934); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79,

84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  This

includes the burden of substantiation.  Hradesky v. Commissioner,

65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir.

1976); cf. sec. 7491(a) (which section does not serve to effect

any burden-shifting in the instant case given petitioner's

failure (1) to raise the matter and (2) to comply with all of the

requirements of section 7491(a)(2)).

We also observe that section 6001 and the regulations

promulgated thereunder require taxpayers to maintain records

---

[4]  The allowed deductions exceeded the amount of the standard deduction to which petitioner would otherwise have been entitled.

sufficient to permit verification of income and expenses.  See sec. 1.6001-1(a), Income Tax Regs.

As a general rule, if, in the absence of such records, a taxpayer provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of certain expenses, section 274(d) overrides the so-called Cohan doctrine.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Specifically, and as relevant herein, section 274(d) provides that no deduction is allowable with respect to listed property as defined in section 280F(d)(4) unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder.  Included in the definition of listed

property in section 280F(d)(4) is any passenger automobile. Sec. 280F(d)(4)(A)(i).

Thus, under section 274(d), no deduction is allowable for expenses incurred in respect of listed property such as a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. E.g., Golden v. Commissioner, T.C. Memo. 1993-602. In other words, in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement, any deduction that is subject to the stringent substantiation requirements of section 274(d) is proscribed. These stringent substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense to be deducted. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

B. Charitable Contributions

   1. Gifts by Cash or Check

At trial, petitioner offered only one document that was admitted into evidence, viz, a receipt dated January 4, 2004, acknowledging a $50 contribution for 2003 to Feed The Hungry International of Alexandria, Virginia. We allow this deduction.

Notably, although petitioner claimed to have (1) tithed to his church and (2) made yet additional contributions to other churches, and although he claimed to have made at least some of

his contributions by check, he made no effort to introduce any canceled checks, bank statements, check registers, or similar bank-related evidence in support of his claims, offering only unpersuasive excuses for his failure to do so.  The sole church-related document that petitioner sought to introduce was not admitted into evidence because it was not found by the Court to be trustworthy.[5]

On the other hand, we are satisfied that petitioner made some church contributions.  Accordingly, exercising our discretion, but bearing heavily against petitioner who bears sole responsibility for any inexactitude, see Cohan v. Commissioner, supra, we hold that petitioner is entitled to a deduction for church contributions in the amount of $250.

2.  Other Than by Cash or Check

At trial, petitioner introduced several "receipts" acknowledging gifts of property.  However, petitioner admitted that, for the most part, he was the person who had filled out the receipts, describing the condition of the property donated generally as either "new" or "excellent", and that he was, in each instance, the person who had ascribed the monetary value

---

[5]  At calendar call, petitioner was expressly advised by the Court of the importance of calling the church treasurer, business manager, or similar church individual as a witness to corroborate his claims if he lacked sound documentary evidence, such as canceled checks or bank statements.  At trial, later that week, petitioner produced the aforementioned document but called no witness to support his claimed church donations.

reflected on the receipts. The Court admitted these receipts into evidence solely for the purpose of showing that some gifts of property had been made.

Petitioner's testimony regarding value leaves much to be desired, as does his testimony regarding the even more fundamental issue of deciding exactly what was donated. For example, petitioner claims to have donated to the Salvation Army a brand-new surround-sound radio with 12 speakers having a value of "about maybe $400". However, petitioner was unable to produce a receipt for his purchase because "it was cash, actually" given to "some guys, you know, in the parking lot" "who approached me at Cosco" as "I was driving one day". According to petitioner:

> The speakers, you know--they were very expensive speakers, and they gave me them at a discount price. So I paid for the speakers, but when I go home, the power wasn't sufficient. It wasn't worth what the guy told me, so I couldn't use it.

We accept petitioner's testimony that he made some gifts of property, but his proof pales in comparison to what was claimed. As before, we exercise our discretion, but bear heavily against petitioner, see id., and we hold that he is entitled to a deduction for gifts of property in the amount of $250.

C. Employee Business Expenses

As an initial matter, we note that petitioner's vehicle expense, to the extent allowable, is a business expense deductible under section 162(a) as a so-called above-the-line

trade or business expense incident to petitioner's tutoring activity.[6] That said, we are left to decide whether petitioner's vehicle expense (or any portion thereof), the sole deduction claimed by petitioner in respect of that activity, is allowable under sections 162(a) and 274(d) and the pertinent regulations thereunder.

At trial, petitioner introduced into evidence a "log". This document does not satisfy the strict substantiation requirements imposed by law, as the following colloquy from trial clearly demonstrates:

> THE COURT:  * * * What is the total of this mileage?
>
> PETITIONER:  It's not for the whole year.  I didn't complete it.  When I did my taxes, I just estimated, okay, you know, the car was–
>
> THE COURT:  So you really just guessed what your total mileage was?
>
> PETITIONER:  I didn't finish it, sir.  Like I said, I didn't do it for the whole year.  As the year went by, I got lazy.  It was a lot of work writing, writing that, and then I kind of, you know--as the year went by, I think I wrote that for like maybe two months.

---

[6] Respondent has not sought to characterize petitioner's tutoring activity as an activity other than one entered into for profit.  Cf. sec. 183.  Nor has respondent sought to characterize petitioner's status, vis-a-vis the tutoring activity, as other than that of a sole proprietor.

Later, on cross-examination, the following colloquy took place between respondent's counsel and petitioner, which further illuminates the inadequacies of the log:

> COUNSEL: Turning your attention to the mileage for the automobile, how was the total mileage calculated?

> PETITIONER: It was an estimate. It was an estimate. Actually, when I go to the place where I was--okay, I try to remember the mileage at the beginning because I didn't complete this here, so I didn't have an accurate--so it was an estimate.

> COUNSEL: And the mileage did not pertain to your work at Hughes Television Network?

> PETITIONER: No. I mean some of those would have been part of it. You know, what I did was I just looked at the--try to remember my mileage at the beginning of the year and the end of the year. So some of it probably, you know, I might not have taken into account my drive to work.

As previously discussed, no deduction under section 274(d) is allowable for expenses incurred in respect of a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. E.g., Golden v. Commissioner, T.C. Memo. 1993-602. In addition, it is clear that, as a matter of law, a taxpayer's cost of commuting between the taxpayer's personal residence and place of employment is a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

In contrast to commuting expenses, expenses incurred in traveling between two places of business are deductible, Heuer v.

<u>Commissioner</u>, 32 T.C. 947, 953 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960), and we acknowledge that petitioner may very well have, and probably did on occasion, leave work and drive directly to a tutoring client's home for a lesson. But the crux of the matter is that petitioner's log does not permit us to make the requisite evaluation without supposition, conjecture, and surmise, for the log (among its other infirmities) does not identify a single client but merely lists towns (e.g., Silver Spring) in the Maryland suburbs of metropolitan Washington, D.C.[7]

Because commuting is nondeductible as a matter of law, and further because petitioner's so-called log does not satisfy the strict substantiation requirements of section 274(d) and section 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), we are constrained to sustain respondent's disallowance of petitioner's deduction for vehicle expense.

D. <u>Conclusion</u>

In order to reflect our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>under Rule 155.</u>

---

[7] Further by way of example, the very first entry in petitioner's log is shown simply as "Laurel → Germantown → Silver Spring". Laurel, Md. is petitioner's home; Germantown, Md. is the business address of Hughes Network Systems, Inc. (petitioner's employer), and Silver Spring is a community along petitioner's Beltway commute. Petitioner ascribes 90 miles to this entry, all of which is presumably business-related in his mind.